```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

KEVIN CHARLES MUNN,

                Plaintiff,

vs.                                   Case No.   2:06-cv-443-FtM-99SPC

YVONE THIEDE, Probation Officer,

                Defendant.
_____

## **ORDER**

This matter comes before the Court upon review of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 on August 31, 2006 (Doc. #1). Leave to proceed *in forma pauperis* was granted (Doc. #7) and Plaintiff has paid an initial filing fee. Since Plaintiff is proceeding *in forma pauperis* the Court is required to review Plaintiff's *pro se* Complaint to determine whether the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; pr (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings. See Id.

In this case, Plaintiff, a detainee being held in Charlotte County Jail, sues his former probation officer, Yvone Thiede, for "irresponsible and negligent conduct" as evidenced by Ms. Thieve's

failure to visit Plaintiff prior to his release from incarceration in October, 2004, and failure to assist Plaintiff in his transition back into society. Complaint, page 10. In particular, Plaintiff claims that Ms. Thieve did not "collaborate" with Plaintiff to develop a "comprehensive transition and post release plan" in violation of Fla. Stat. § 958.12(3). Id. Plaintiff states that he was arrested "shortly after [his] release - approximately 99 days" and is "facing 165 months in prison." Id. As sole relief, Plaintiff seeks $100,000 in "punitive damages" for "the cost of counseling and for emotional distress." Id.

**I.**

The Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981). The test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, at 1349.

**II.**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

"Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002). Any argument that a violation of state law gives plaintiff a viable substantive due process claim has been foreclosed by the United States Supreme Court. Lovins v. Lee, 53 F.3d 1208, 1211 (11th Cir. 1995)(citing Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992)). See also McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)(*en banc*)(substantive

rights created only by state law are not subject to substantive due process protection because substantive due process rights are created only by the United States Constitution).

### III.

Even if Plaintiff was able to demonstrate that Defendant violated Florida Statute § 958.12(3)[1], the Court cannot conceive which, if any, of Plaintiff's constitutional rights were violated. Additionally, the allegations in the Complaint fall far short of the requisite pleading standard to grant Plaintiff the sole type of relief he seeks, punitive damages. Smith v. Wade, 461 U.S. 30, 56 (1983). Consequently, the Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against the Defendant under any set of facts that could be proved consistent with the allegations in Plaintiff's §1983 Complaint. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). Thus, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

ACCORDINGLY, it is now

**ORDERED:**

---

[1] The Youthful Offender Statute, which is referenced by Plaintiff, delineates the procedures to be followed by the Department to ensure a comprehensive transition for youthful offenders. The Statute further identifies various programs and services that are to be made available post-release to offenders.

1. Plaintiff's Complaint is **DISMISSED**, without prejudice, for failure to state a claim upon which the Court can grant relief.

2. The **Clerk of Court** shall term any pending motions; enter judgment accordingly; and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   9th   day of October, 2006.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

SA:    hmk
Copies: All Parties of Record